IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LAROMANAIN DONTE ANDERSON | § | |
| VS. | § | CIVIL ACTION NO. 1:16-CV-292 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant, Laromanain Donte Anderson, an inmate currently confined at USP Atwater, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant *t*o 28 U.S.C. § 2255.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the motion to vacate, set aside, or correct sentence be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Movant filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds the objections lacking in merit. As outlined by the Magistrate Judge, movant's reliance on *Johnson v. United States* is misplaced. 135 S.Ct. 2551 (2015). Movant was not convicted nor sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) nor was he sentenced under the career offender guidelines. Movant's guideline range was not affected in any way based on characterization of any of movant's prior convictions.

In his objections, movant raises new issues that were not filed in his original motion to vacate, set aside or correct sentence that are not related to *Johnson v. United States*.[1] *See* Objections, pgs. 1-3 (docket entry nos. 40 & 41). These issues, however, are barred by the statute of limitations and will not be considered by this Court. 28 U.S.C. § 2255(f).

Accordingly, movant's objections are overruled. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, movant has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further.

---

[1] On April 18, 2016, the Supreme Court held that *Johnson* is retroactive to ACCA cases on collateral review. *Welch v. United States*, 136 S.Ct 1257 (2016).

Therefore, movant has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED** this the 10 day of **October, 2018.**

                                                     _____
                                                   Thad Heartfield
                                                   United States District Judge